In the Matter of Mount Pleasant Avenue.

The town council of North Providence passed a resolution, declaring that it was desirable and necessary to lay out a new street from Chalkstone road southerly to Atwell's Avenue fifty feet wide, and application for the appointment of commissioners to lay out the same was made after the publication of a notice reciting the resolution. *Held*, that there was no proper adjudication by the town council, and no such notice as is required by the statute (Rev. Stat. chap. 43), inasmuch as the resolution should have specified the exact location of the intended street, and not have left it to be determined by the commissioners.

EXCEPTIONS to the report of commissioners laying out Mount Pleasant Avenue, so called, in the town of North Providence.

At the January Session, 1870, of the general assembly, an act was passed, being chapter 872 of the Statutes, the first three sections of which were as follows : —

" AN ACT IN RELATION TO LAYING OUT AND ALTERING STREETS IN THE TOWNS OF NORTH PROVIDENCE, CRANSTON, WOONSOCKET AND PAWTUCKET.

" *It is enacted by the General Assembly, as follows :*

Section 1. Whenever the town council of either of said towns of North Providence, Cranston, Woonsocket, and Pawtucket shall adjudge it to be necessary to lay out, enlarge, straighten, or alter any street or highway, or any part thereof, in said town, it shall be lawful for said council to cause the same to be done in the manner following :

" Sect. 2. Whenever any lands, tenements, or hereditaments shall be required for the purpose aforesaid, the town council may cause application to be made to the Supreme Court for the appointment of five commissioners of estimate and assessment ; and shall give notice of such application by advertisements to be published in at least one of the public newspapers printed in the city of Providence, and in .one public newspaper, if any, printed in said town, specifying the time and place of such application, and the nature and extent of the intended improvement, not less than once in each of three successive weeks next previous to the time therein named for such application, and shall also cause copies of the same in hand bills to be posted up for at least three weeks, in the town clerk's office of said town, and at least three conspicuous places on parts of the property to be affected by the intended improvement. At the time named in said notice, or at any adjournment thereof, said court shall appoint three discreet and disinterested persons as commissioners of estimate and assessment, who may be residents and tax-payers in said town. Said commissioners, before entering upon the duties of their office, shall be severally sworn to the faithful discharge of the trust and duties required of them.

" Sect. 3. The commissioners shall, after viewing the premises where such laying out, enlarging, straightening, or other alterations are to be made, cause a survey and plat thereof to be made ; and shall cause notice to be given to all persons interested in

lands, tenements, and hereditaments to be taken or used, and to all persons who are owners of lands, tenements, or hereditaments, which in the opinion of the commissioners will be benefited by such proposed alterations, of the time and place of making an estimate of the value of the property so required to be taken, and of the benefits conferred, by publishing notice thereof during the space of three weeks, in not less than two public newspapers printed in the city of Providence, and in one public newspaper, if any, printed in said town. At the time and place appointed in said notice, the commissioners shall proceed to make a just estimate and assessment of the amount of the damage, if any, over and above the benefit, if any, and of the amount of benefit, if any, over the damage, if any, as the case may be, to the respective owners, lessees, parties, or persons entitled to or interested in the lands, tenements, or hereditaments so taken or required by or in consequence of such laying out, enlargement, straightening, or other alteration; and also a just estimate and assessment of the value of the benefits of such laying out, enlarging, straightening, or other alteration, to the respective owners, lessees, parties, and persons respectively entitled to or interested in the lands, tenements, or hereditaments, not required for the proposed improvement, but which will, in the opinion of the said commissioners, be benefited thereby. And said commissioners shall report thereon to the Supreme Court, without unnecessary delay. And when the damage shall exceed the benefit, the commissioners shall estimate, assess, and report the excess only, and when the benefit shall be equal to the damage, the commissioners shall so report, and allow no damage. Whenever the benefit shall exceed the damage, the commissioners shall report the excess only. And in all cases where any persons are interested in any real estate not required to be taken or used as aforesaid, but which, in the opinion of the commissioners, shall be benefited as aforesaid, the said commissioners shall estimate, assess, and report the value of such benefit to such persons respectively, in respect to said real estate. The commissioners shall set forth in said report the names of the owners of, and persons in any way interested in any of the real estate, so far as the same can be ascertained, and a description or designation of the several parcels of real estate, with the damage and benefit to each respectively. And the said commis-

sioners shall further apportion and assess such portion of the damage as the town council may direct, on application for the appointment of said commissioners, not exceeding one half thereof ascertained as aforesaid, upon the persons and estates so benefited, in proportion to the benefits conferred, provided that the amount of such assessment shall not exceed the amount of the benefit ascertained as aforesaid, but in case of such excess, to the extent of such benefit. The commissioners shall include said assessment and apportionment in their report, and said report shall be signed by at least two of the said commissioners."

Under this act the town council of North Providence adjudged it necessary that a new street should be opened from the Chalkstone Road to Atwell's Avenue in said town, and so voted. Notice of the application to the court for the appointment of commissioners of estimate and assessment was given, and the time appointed. The commissioners were appointed by the Supreme Court, as required by section 2. Having been duly sworn, the commissioners viewed the premises, caused a survey and plat to be made, and gave the requisite notice of the time and place of their meeting to make their assessment. Having prepared their report, they filed a copy of the same and of their plat in the town clerk's office, and gave the notice required by section 9. Within the thirty days required by section 11, from the time of filing the report, the council elected to make the improvement. The commissioners having filed their report in this court, the court, having given notice, as required by section 4, to the persons interested, confirmed the said report as to all persons except one Alexander T. Adie, who demanded a jury trial. Subsequently said Adie filed certain exceptions and a motion to quash proceedings. The first two exceptions, which were the only ones considered by the court, are stated in the opinion.

*James Tillinghast*, in support of the exceptions and motion. I. The right of eminent domain is at the best a hard and arbitrary power, and in its exercise all proceedings and notices prescribed for the protection of the land-owner are conditions precedent, — a strict compliance with which must affirmatively appear upon the record. *Glover* v. *Boston*, 14 Gray, 288; Dillon's Municipal Corp. §§ 469, 470, 471; Cooley's Constitutional Limitations, p. 528, and cases *infra*. Also *Curran* v. *Shattuck*, 24 Cal. 427.

II. The statute (Statutes, chapter 872) requires, as conditions precedent to the application to the court for the appointment of commissioners, that the town council shall adjudicate upon the necessity of the particular way proposed to be opened, and shall give notice by advertisement of its "*nature and extent.*" The way must be located, and its termini, as also its course to a reasonable certainty at least between the termini, definitely fixed by the adjudication. This power cannot be delegated, or left to the commissioners. *Pembroke* v. *Plymouth*, 12 Cush. 356; *Danvers* v. *Essex*, 2 Met. 189; *Clement* v. *Burns*, 43 N. H. 609; *Bean's Road*, 35 Pa. St. 280; *Burden* v. *Harman*, 7 Jones N. C. 354; *Welch* v. *Piercy*, 7 Ired. 365; *Phillips* v. *Tucker*, 3 Met. (Ky.) 69; *Welker* v. *Potter*, 18 Ohio St. 85; *State* v. *Jersey City*, 1 Dutch. 309; *State* v. *Hudson County*, 33 N. Jer. 179.

III. Both the adjudication and the town clerk's notice in this case were radically defective. *Harbeck* v. *Toledo*, 11 Ohio St. 219; *State* v. *Union*, 3 Vroom, 343; *Molett* v. *Keenan*, 22 Ala. 484; *Kidder* v. *Peoria*, 29 Ill. 77.

*Daniels & Clapp*, for the town of North Providence, *contra.*
I. The termini of the proposed way are sufficiently indicated in the order of the town council and in the advertisement of the application for commissioners. *Hunter* v. *Newport*, 5 R. I. 330, and *Clarke* v. *Newport*, 5 R. I. 336. If their ordinary signification is given to the words " nature and extent," the notice is sufficient. The word *nature* is sufficiently answered by the designation of the width: it is to be a fifty foot way, and it is to *extend* from Chalkstone Road to Atwell's Avenue. It is a fair inference from the general tenor of the act that it was intended that the council might give the commissioners discretion within certain limits, as to the precise location of the proposed way. The town council cannot well determine in all cases the exact location which will most benefit the inhabitants of the town, and cause least damage to the owners of lands to be seized. *Watson* v. *South Kingstown*, 5 R. I. 562. The present act directs the commissioners to view the premises where such alterations are to be made, and then to cause a survey and plat to be prepared. If it was intended that the commissioners should simply estimate benefits and assess damages for a way already mapped out by the council, there would be no necessity of a view by the commissioners.

DURFEE, J.  The first section of the act under which this proceeding was had provides, that whenever the town council of either of the towns entitled to the benefits of the act " shall adjudge it to be necessary to lay out, enlarge, straighten, or alter any street or highway, or any part thereof, in said town, it shall be lawful for said council to cause the same to be done in the manner following;" and the second section goes on to provide for an application to the Supreme Court for the appointment of commissioners of estimate and assessment, and to require notice thereof by publication, " specifying the time and place of such application, and the nature and extent of the intended improvement."  In this case the town council of the town of North Providence, April 4, 1871, passed a resolution declaring " that in the opinion of this town council it is desirable and necessary to lay out a new street from Chalkstone Road southerly to Atwell's Avenue, fifty feet wide," and directing application to be made for the appointment of commissioners of estimate and assessment.  The application directed was made after the publication of a notice simply reciting the resolution and specifying the time and place of the application.  Under the application then made the commissioners were appointed who have made report, the validity of which is impugned by the objections taken by Mr. Adie.  The first two exceptions relate to the action of the town council, and are, first, that there has been no proper adjudication of the town council that the highway or street, as reported by the commissioners, was or is necessary ; and second, that no such notice as is required by statute was given of the application for the appointment of commissioners.  We think the proceeding is liable to these objections.  The town council simply adjudged that it was desirable and necessary to lay out a new street from Chalkstone Road southerly to Atwell's Avenue, fifty feet wide, without any other specification of its locality.  It is admitted that the Chalkstone Road and Atwell's Avenue are two parallel highways in North Providence, having a length of nearly two miles in that town.  The commissioners were therefore left to select the place of the proposed new street, as far as appears from the record, anywhere between the two roads within the space over which the two roads extend.  We do not think the statute contains any indication that the right or duty of

making such a selection was to be within the province of the commissioners. The second section of the statute requires that the notice there prescribed shall *specify* " the nature and extent of the intended improvement," thus importing that some specific street or highway had been adjudged necessary to be laid out, enlarged, straightened, or altered. The third section prescribes the duties of the commissioners and the manner in which they shall proceed. It contains no provision however for a selection by them of the place of the improvement, but declares that they shall, "after viewing the premises where such laying out, enlarging, straightening, or other alterations are to be made, cause a survey and plat thereof to be made," thus again importing that the locality of the improvement is designed to be decided upon and designated by the town council. It is urged in argument that the direction of the statute to the commissioners to cause a survey and plat to be made " after viewing the premises," furnishes an inference that the commissioners were to have some discretion, for otherwise, it is said, what use is to be subserved by the view. The language may be open to this inference; but even if the inference be a necessary one (which, however, we are not prepared to concede), it could only be held to justify a discretion exercisable within certain reasonable limits, designated by the town council, and would not justify a power of selection anywhere within an extent of nearly two miles. To allow this would be practically to allow the commissioners to adjudicate where the highway is to be located, which, certainly within some reasonable limits, is the most important thing to be known by the town council in order to enable it to adjudicate upon its necessity. We think, therefore, that on this ground the proceeding is open to objection. And if the proceeding is objectionable on this ground, it is also objectionable upon the ground that there was no sufficient notice of the application for the appointment of commissioners. That notice, as we have seen, was given simply in the language of the resolution, and, like the resolution, failed to *specify* the nature and extent of the intended improvement; in other words, it was too indeterminate to be a proper notice. We think, therefore, there being no claim that the exceptant has lost his right to take these objections by appearing and taking part in the appointment of the commission-

ers, that the exceptions must be sustained, and the proceeding vacated.

Other exceptions were taken, but the proceeding being vacated for these reasons, it becomes unnecessary to pass upon them.                 *Exceptions sustained and proceedings vacated.*